IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-CR-40097-TC-ADM |
| ) | |
| STEVEN SIMON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant Steven Simon, by and through his attorneys, and pursuant to Fed. R. Crim. P. 32, respectfully submits this Sentencing Memorandum for the court's consideration. The sentencing is scheduled for April 22, 2021 at 10:00 a.m. This Memorandum is filed to aid the Court in imposing a sentence which is sufficient but not greater than necessary to serve the objectives of sentencing as set out in 18 U.S.C. § 3553(a).

 **I. INTRODUCTION**

On January 19, 2021, Dr. Simon entered a plea of guilty to a one count information charging him with solicitation or receipt of health care kickbacks in violation of 42 U.S.C. §§ 1320a-7b(b). The plea of guilty was pursuant to a written plea agreement between the defendant and the United States. The Court accepted the defendant's guilty plea and ordered the preparation of a Presentence Investigation Report (PSR) by the probation office. Through plea, Dr. Simon has accepted full and complete

1

responsibility for his actions and knows that he will live the rest of his life with the consequences of this felony conviction.

Based on the advisory guideline range and several mitigating sentencing factors, Dr. Simon respectfully requests a sentence of probation and suggests this would be a fair and reasonable sentence considering the sentencing objectives set forth in Title 18 U.S.C. § 3553(a)(2).  In addition, based upon the terms of the Plea Agreement, and the defendant's adherence to those terms, the government has agreed to recommend a non-custodial sentence.

## II.     NO UNRESOLVED GUIDELINE ISSUES

Dr. Simon has reviewed the PSR with counsel. Dr. Simon has no legal objections or factual clarifications to the PSR.

## III.    STANDARDS FOR IMPOSING SENTENCE

In imposing sentence, the Court must first determine the applicable advisory guideline range pursuant to the United States Sentencing Guidelines. Then, the Court must consider factors set forth in 18 U.S.C. 3553(a) and impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, provide adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(A-D).

A.   **Advisory Sentencing Guideline.**

The Court has received Dr. Simon's PSR and the advisory United States Sentencing Guidelines (USSG) calculation. In the instant case the PSR calculated the total offense level as 4, the criminal history category as I with an advisory guideline range of 0 to 6 months.

B.   **Section 3553(a) factors.**

   1.   **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Dr. Simon acknowledges the serious nature of the offense and the extent of the harm caused by his conduct. Regrettably, Dr. Simon expressed to a pharmaceutical representative that his continued writing of the company's prescriptions was contingent upon the assignment of speaking programs which would result in the payment of speaker fees to Dr. Simon. He was aware at the time that any resulting prescriptions he wrote for this company's drug would be paid for in whole or in part by Medicare. While no speaking engagements resulted from these actions, Dr. Simon recognizes and regrets the harm his conduct caused to the profession.

As to the second prong of §3553(a)(1), Dr. Simon is 73 years old. He was born in Kansas City, Missouri. He was raised by his parents along with three siblings. His parents are deceased. Prior to their death, he maintained a close relationship with them. Dr. Simon maintains a close relationship with his siblings who live nearby. Dr. Simon has a very supportive and loving wife to whom he has been married for almost fifty

years. They have two children, both of whom married with families. He also is very close to his children, their spouses, and his grandchildren. Tragically, Dr. Simon's youngest daughter unexpectedly passed away in 2019 at the age of 37. Dr. Simon and his wife of nearly 48 years provide care for their grandchildren and assist their son-in-law in the wake of her death. While the guidelines may not consider this fact ordinarily relevant in determining whether a non-custodial sentence may be warranted, it can certainly be considered as the basis for this request. Dr. Simon has lost his daughter, and his grandchildren have lost their mother. To lose Dr. Simon and the support provided to them could be devastating at this very important age for his young grandchildren.

Dr. Simon graduated from college with a degree in pharmacy. After practicing in this field for several years, he entered medical school. He served his residency at KU Medical Center. He has certifications from the American Board of Physical Medicine and Rehabilitation, the American Academy of Pain Management, and the American Board of Disability Examiners. Throughout his career, Dr. Simon was active and engaged in his community and provided endless hours of community service. Although he is now retired from the practice of medicine, for many years, he owned The Pain Management Institute and practiced as a physiatrist.

Dr. Simon is highly regarded as evidenced by the support of many family, friends, peers and patients as referenced in letters that will be provided to the Court. The overarching theme of the letters is that Dr. Simon is a caring, generous and compassionate physician and family man.

As this Court knows, a defendant's personal history is generally far greater than the act that brings him within the jurisdiction of the federal criminal court.  In Dr. Simon's history, he has spent his career trying to provide comfort and aid in some of the most medically difficult situations, most often when other efforts have failed.  Recently, he and his family experienced the devastating loss of their daughter, a tragedy that cannot be remedied by medical intervention.  One of the most moving letters written to the Court is from Dr. Simon's son-in-law, G.S., who expressed that he "could not have asked for a better father-in-law."  He described the tragedy the family has endured following the death of his wife, Stacey.  Following her death, Dr. Simon and his wife have "dropped everything they were doing to help."  He also described how his wife's death caused his world to fall to pieces, but he found comfort in Dr. Simon who was himself "mired in grief." Dr. Simon and his wife are integral to the lives of their grandchildren as they all mourn the loss of Stacey.  Dr. Simon pledged that "he would always be there for me and my children. And he has been."

Dr. Simon's sister described him as someone who has strong character and deep involvement with his community and family.  She set out in detail how Dr. Simon is someone who provides guidance and mentoring and shows genuine interest in the lives of his family and friends.

A former colleague wrote of Dr. Simon, "Personally I know him to be extremely kind, considerate, generous, industrious, loving and compassionate…I feel like I have a complete picture of him because I have known him for over 60 years."  This colleague

also noted that he was impressed with Dr. Simon's professionalism and noted him to be "extremely thorough, informed, and conscientious toward all the patients."

Dr. Simon's colleagues and peers have also written letters to the Court describing Dr. Simon's expert care of his patients and describing him as a trusted doctor, confidant and advocate to his patients.

Several of Dr. Simon's former patients wrote of his caring attention to their medical problems. He is described as someone who truly listened to them and worked hard to develop individualized treatment plans to alleviate their pain.

### 2. Reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense.

Of course, the sentencing guidelines provide the Court with an advisory range of punishment, mindful of the general goals of sentencing. Here, a total offense level of 4 with an advisory range of 0-6 months and within Zone A of the sentencing table provide the court with a level of confidence that across the nation, offenders convicted of this offense with similar criminal history are facing a similar punishment.

### 3. The Need to Afford Adequate Deterrence to Criminal Conduct.

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). A felony prosecution and federal conviction demonstrates to this defendant and others that this conduct will not be tolerated. Additionally, as a white-collar offender, the collateral consequences of the conviction are significant. Not only will a felony conviction have

impact, but Dr. Simon has also agreed to voluntarily relinquish both his medical license to the Board of Healing Arts and his DEA registration. Considering the substantial collateral consequence and the felony conviction, a probationary sentence is adequate to deter Dr. Simon and others from committing this type of offense.

4. **The Need to Protect the Public from Future Crimes by the Defendant.**

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)(C). A review of Dr. Simon's history should provide the court with confidence that it is exceedingly unlikely that Dr. Simon will reoffend. The defendant's lack of significant criminal record, and the fact that he was classified in criminal history category I, supports a finding that the public is adequately protected from future crimes by the defendant if granted probation. At the time of sentencing, Dr. Simon will have voluntarily relinquished both his medical license to the Board of Healing Arts and his DEA registration.

5. **Balancing of All § 3553(a) Factors - Recommended Sentence.**

On balance, after weighing the relevant § 3553(a) factors, a sentence of a 3-year term of probation along with a fine in the amount of $100,000.00 is a reasonable sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. Further, as noted in the PSR, there is no other information concerning the offense or the offender which would warrant a sentence outside the advisory guideline range. Dr. Simon has no objection to the additional condition of community service if

the court deems this condition necessary and appropriate to serve the ends of justice in this case.

### IV.   MONETARY PENALTIES

#### 1.   Fine.

Pursuant to the terms of the plea agreement, the defendant agreed to the imposition of a fine in the amount of $100,000.00 which is within the range permitted by statute, and above the guideline range of $500 to $9,500.  Dr. Simon will provide evidence of the payment in full of the fine amount at sentencing.

#### 2.   Mandatory Special Assessment.

Pursuant to the terms of the plea agreement, the Court should impose the mandatory special assessment of $100.00. Dr. Simon will provide evidence of the payment in full of the special assessment at sentencing.

### V.   CONCLUSION

Dr. Simon fully accepts responsibility for his criminal conduct.  He does not intend to diminish or excuse his actions.  Dr. Simon requests a probationary sentence with whatever conditions the Court deems appropriate.

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By: /s/ JAMES R. WYRSCH
    James R. Wyrsch    KS Fed 70201
    Marilyn B. Keller    KS 15444
    1200 Main, Suite 2110
    Kansas City, Missouri 64105
    Tel: (816) 221-0080
    Fax: (816) 221-3280
    jimwyrsch@whmlaw.net
    mbkeller@whmlaw.net
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of April, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ James R. Wyrsch
***Attorney for Defendant***