IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 20-CR-40097-TC-ADM |
| STEVEN SIMON, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

COMES NOW the defendant, Steven M. Simon, by and through undersigned counsel, pursuant to 18 U.S.C. §§ 3563(c) and 3564(c), and Rule 32.1 of the Federal Rules of Criminal Procedure, and hereby respectfully moves this honorable court to enter an order for early termination of probation thereby discharging him from probation. In support of this motion the defendant states as follows:

## SUGGESTIONS IN SUPPORT

**I.    Background**

On January 19, 2021, Steven M. Simon entered a guilty plea to one count of Soliciting or Receiving Health Care Kickback in violation of 42 U.S.C. § 1320a-7b(b) for conduct occurring on or about April 18, 2017. On April 22, 2021, this Court sentenced Dr. Simon to a term of probation for three (3) years with certain standard and special conditions. He was also ordered to pay a mandatory special assessment of $100.00 and a fine in the amount of $100,000.00.

Dr. Simon began his probation on April 22, 2021 and his term expires on April 24, 2024.

## II. Discussion

Dr. Simon moves for early termination of his probation under 18 U.S.C. § 3564(c), which provides:

> (c) Early termination. —The court, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or <u>at any time after the expiration of one year of probation in the case of a felony</u>, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. (emphasis added).

Section 3564(c) allows a court to terminate probation at any time after the expiration of one year of probation on a felony upon consideration of (1) the applicable 18 U.S.C. § 3553(a) factors, (2) "the conduct of the defendant," and (3) "the interest of justice." 18 U.S.C. § 3564(c). Indeed, the opening words in § 3564(c) —"The court, after considering the factors set forth in section 3553(a) to the extent they are applicable"—specifically direct courts to review the individualized factors common to federal sentencing determinations. *United State v. Hartley*, 34 F.4th 919 (10th Cir. 2022).

Whether to grant a motion for early termination of probation is committed to the sentencing court's discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

### A.  Applicable 18 U.S.C. § 3553(a) factors.

The first category of factors for the court to consider are the § 3553(a) factors to the extent applicable to the defendant. Dr. Simon is successfully integrated into his community, he is actively involved with raising his grandchildren, and has had no adverse interactions with the probation office or law enforcement.

The guideline provisions at time of sentencing contemplated a sentence of probation. Specifically, based upon a total offense level of 4 and a criminal history category of I, the guideline imprisonment range was zero to six months. Since the applicable guideline range fell within Zone A of the Sentencing Table, a sentence of imprisonment was not required. Further, the defendant was eligible for not less than one nor more than five years' probation because the offense of conviction is a class C felony. Given the sentencing guideline range of punishment, and the statutorily authorized term of probation, a sentence of probation was ordered.

**B.     Conduct of the defendant.**

As set forth herein, at the time of this filing Dr. Simon has completed 18 months of the 36-month probation term. His conduct has been exemplary.

1.     He has satisfied the above-mentioned criminal monetary penalties in full. Specifically, on April 20, 2021, prior to sentencing, he paid in full the mandatory special assessment of $100.00 and $100,000 fine.

2.     He has successfully completed 100 hours of community service as required.

3.     He is in good standing with the probation office and has submitted monthly reports as directed.

4.     He has maintained a stable residence and is retired. He surrendered his medical license and is no longer practicing medicine.

5.     He has committed no infractions, and has had zero noncompliance issues while on supervision.

**C.     Interest of Justice.**

Undersigned counsel has contacted Assistant United States Attorney Debra L. Barnett regarding this request for early termination of probation. Ms. Barnett indicated that her office does

not object to early release once Dr. Simon reaches the halfway point of his probation term, that is, October 22, 2022.

Undersigned counsel has also contacted U.S. Probation Officer Assistant, Abby Maracic, who is Dr. Simon's supervising probation officer. Ms. Maracic confirmed that Dr. Simon is fully compliant with all conditions of probation. Ms. Maracic confirmed the probation office does not have any concerns at this time and does not oppose early termination.

Federal Rule of Criminal Procedure 32.1 entitled, "Revoking or Modifying Probation or Supervised Release" sets forth in pertinent part,

> (c)(1) Before modifying the conditions of probation..., the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation. (2)(A) A hearing is not required if the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of probation... (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Dr. Simon waives his right to a hearing in this matter and respectfully requests that the Court grant his motion without the necessity of a hearing.

WHEREFORE, defendant Simon respectfully requests that the Court grant his motion to terminate his term of probation and discharge him as of the date of this court's Order.

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By:   /s/ Marilyn B. Keller
      Marilyn B. Keller    KS #15444
      James R. Wyrsch    KS Fed #70201
      One Kansas City Place
      1200 Main St.
      Suite 2110
      Kansas City, Missouri 64105
      Tel: (816) 221-0080
      Fax: (816) 221-3280
      mbkeller@whmlaw.net

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of October, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

  /s/ Marilyn B. Keller
***Attorney for Defendant***